[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------
No. 05-15114
Non-Argument Calendar
----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2006
THOMAS K. KAHN
CLERK

BIA No. A79-443-613

JUAN DIEGO GONZALEZ-PEREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
------------------------------------------------------------------

**(July 13, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioner Juan Diego Gonzalez-Perez (Perez), a native and citizen of

Colombia, petitions for review of the decision of the Board of Immigration

Appeals (BIA), which affirmed without opinion the immigration judge's (IJ's) denial of Perez's claims for asylum and for withholding of removal, and for relief under the United Nations Convention Against Torture (CAT). We deny the petition.

The IJ denied Perez's petition because he found that Perez was not credible and that, even if he was credible, he failed to demonstrate he was persecuted. Perez argues that the IJ erred in denying him relief because he was persecuted on account of his political opinion by the Revolutionary Armed Forces of Colombia (FARC).

Perez claimed that he was a waiter, cashier, and reservation booker for a banquet company that catered political events. In November 2001, while Perez was traveling to prepare for one of these events, he was stopped by two trucks bearing heavily-armed men in military uniforms, who identified themselves as FARC members. These men interrogated Perez for about 15 minutes, obtained personal information about him and his family, released him, and followed him to the banquet location, where Perez prepared the banquet as planned. About a week later, he began receiving ten calls per day for three days from FARC members who threatened him and asked him to provide information about the organizers and attendees of the banquet. During the last call, Perez was warned that, if he did not

cooperate, he and his family would face "consequences." And about two weeks after the banquet, Perez was confronted by a man who threatened to kill him if he did not cooperate. Perez contends that two face-to-face threats and three days of telephone calls by the FARC rise to the level of persecution.

We review the IJ's findings of fact under the "substantial evidence" test: we must affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (citation omitted).[1] "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). We also review the IJ's credibility determinations under the "substantial evidence" test. D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 818 (11th Cir. 2004). And on credibility determinations, we may not substitute our judgment for that of the IJ. Id. An adverse credibility determination alone may be sufficient to support the denial of asylum relief. See Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). But "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." Id.

_____

[1]The BIA affirmed the IJ's decision without opinion: we review the IJ's decision as the final agency determination. See Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1285 n.2 (11th Cir. 2005).

3

An alien may obtain asylum if he is a "refugee": a person unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of," among other things, political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1). To establish asylum eligibility based on political opinion or another protected ground, the alien must--with credible evidence--establish (1) past persecution on account of her political opinion or another protected ground, or (2) a "well-founded fear" that her political opinion or another protected ground will cause future persecution. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005) (citing 8 C.F.R. § 208.13(a), (b)).

Substantial evidence supports the IJ's determinations that Perez was not credible and that, even if he was credible, that he failed to establish that he was persecuted. Perez's testimony on his time of employment with the banquet company conflicted with the documentary evidence that he submitted. About the date on which he left Colombia, Perez's testimony was internally inconsistent and conflicted with documentary evidence. An inconsistency exists between when Perez stated that his troubles with FARC began (November 2001) and when Perez's father, in a supporting letter, stated that the troubles began (January 1995). In addition, Perez's testimony and asylum application are inconsistent with

4

documentary evidence about whether he was alone and, if not, who was with him when he was stopped by the armed FARC members. These inconsistencies go to key elements of Perez's claims that he was persecuted by FARC. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (stating that adverse credibility finding must go to the "heart" of the asylum claim and should not be based on minor inconsistencies).

We also doubt that the two face-to-face encounters and several days of phone calls amount to persecution. See Sepulveda, 401 F.3d at 1231 (stating that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation," and that "mere harassment does not amount to persecution"). In addition, we see no evidence linking Perez's political views to the FARC threats. Instead, Perez's claim is that the FARC threats were based on his refusal to cooperate with FARC requests for information about banquet attendees. But "[i]t is not enough to show that [he] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerillas." Sanchez v. U.S. Attorney Gen., 392 F.3d 434, 438 (11th Cir. 2004). These facts do not compel reversal. And because the burden of proof for an applicant seeking withholding of removal and CAT relief is higher than the burden imposed on an asylum applicant,

we uphold the IJ's denial of withholding of removal and CAT relief.  See Forgue, 401 F.3d at 1288 n.4; Al Najjar, 257 F.3d at 1292-93.

Perez also argues that the BIA violated his due process rights by affirming the IJ's decision without opinion.  We review his constitutional challenge de novo.  Lonyem v. U.S. Attorney Gen., 352 F.3d 1338, 1341 (11th Cir. 2003).  Perez cites to no record evidence showing that the BIA failed to follow its regulations or that he was prejudiced substantially by the BIA's affirmance.  Therefore, Perez's due process claim is without merit.  See Lonyem, 352 F.3d at 1342.  We, thus, conclude that the BIA's summary affirmance of the IJ's decision violated none of Perez's due process rights.

**PETITION DENIED**.